IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**EARNEST THORPE,**

    **Petitioner**                                   **CASE NO. 2:06-cv-926**
                                                                      **JUDGE FROST**
                                                                       **MAGISTRATE JUDGE ABEL**

**JAMES ERWIN, Warden,**

    **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, has filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254.  This matter is before the Court on its own motion to consider the sufficiency of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. §2244(d).

### I.  PROCEDURAL HISTORY

Ohio's Tenth District Court of Appeals summarized the procedural history of this case as follows:

> Appellant was indicted by the Franklin County Grand Jury on two counts of felonious assault, in violation of R.C. 2903.11, and one count of vehicular assault, in violation of R.C. 2903.08. The felonious assault counts were indicted as first-degree felonies because the victims were peace officers. Following a jury trial, appellant was convicted on one count of felonious assault, and one count of aggravated vehicular assault. Appellant was sentenced to a nine-year prison term.  Appellant initiated three direct appeals from his convictions, all of which were ultimately dismissed by this court. On November 6, 2002, acting *pro se*, appellant filed his first appeal, which was docketed as Franklin App. No. 02AP-1221. Because the

> trial court had not yet journalized its judgment, the appeal was *sua sponte* dismissed for lack of a final appealable order by this court on November 19, 2002. On December 5, 2002, acting *pro se*, appellant filed a second appeal in this case, which was docketed as Franklin App. No. 02AP-1356. Appointed counsel filed a third appeal on December 6, 2002, which was docketed as Franklin App. No. 02AP-1359. These two appeals were consolidat-ed for review by this court. Appellant then filed a motion request-ing that counsel withdraw from the case. This court granted appel-lant's motion and permitted him to proceed *pro se.* On August 5, 2003, this court dismissed appellant's consolidated appeals due to his failure to file a brief.

*State v. Thorpe,* 2005 WL 488393 (Ohio App. 10 Dist. March 3, 2005). According to the petition, the Ohio Supreme Court dismissed petitioner's direct appeal on November 26, 2003.

*State v. Thorpe*, 100 Ohio St.3d 1507 (2003). Additionally,

> [d]uring the pendency of his appeals, appellant filed a *pro se* hab-eas corpus petition in this court, which [the state appellate] court dismissed for appellant's failure to comply with R.C. 2969.25(A). On April 2, 2003, appellant filed a petition for a writ of habeas corpus in the Franklin County Court of Common Pleas. In that petition, appellant alleged five errors: (1) the police destroyed evidence; (2) the police used excessive force in arresting appellant; (3) the trial court erred in overruling appellant's motion to proceed *pro se*; (4) the trial court violated appellant's speedy trial rights; and (5) the trial court erred in denying appellant's request for a change of venue. Appellant then filed a motion requesting a copy of the trial transcript and the trial record, as well as a motion for summary judgment. However, appellant filed those motions under the wrong case number, and instead of referring to his petition as one for habeas corpus, he referred to it as a petition for post-conviction relief. By entry of this court dated August 31, 2004, this court granted appellant's motion to supplement with all the plead-ings relative to this habeas corpus/post- conviction proceeding, and those documents are currently before this court. Plaintiff-appellee, State of Ohio, filed a motion to dismiss appellant's petition without a hearing. In findings of fact and conclusions of law issued Feb-ruary 11, 2004, the trial court addressed appellant's petition first as one for post-conviction relief, and second, as one for habeas corpus relief, and granted the state's motion. It is from this February 11,

2

2004 judgment entry that appellant now appeals.

*State v. Thorpe, supra*, 2005 WL 488393. On March 3, 2005, the state appellate court affirmed the trial court's dismissal of petitioner's habeas corpus or post conviction petition. *Id*. On June 9, 2005, the Ohio Supreme Court denied petitioner's subsequent appeal. *State v. Thorpe*, 106 Ohio St.3d 1416 (2005).

On April 19, 2004, petitioner filed pleadings in this Court indicating that he intended to file a habeas corpus petition under 28 U.S.C. §2254. *See Thorpe v. State of Ohio*, Case No. 2:04-cv-297 (S.D. Ohio 2004). However, on February 8, 2005, the action was dismissed without prejudice for want of prosecution, because petitioner never completed or returned a form petition under §2254. *See id,* Doc. No. 5. On March 31, 2005, petitioner's request for a certificate of appealability was denied. *Id*., Doc. No. 14. On October 17, 2005, the United States Court of Appeals for the Sixth Circuit denied petitioner's motion for a certificate of appealability. *Id.*, Doc. No. 17. On May 15, 2006, the United States Supreme Court denied petitioner's petition for a writ of *certiorari. Id.*, Doc. No. 19. On July 31, 2006, the United States Supreme Court denied petitioner's petition for rehearing. *Id.*, Doc. No. 20.

On November 2, 2006, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. Petitioner executed his petition on October 10, 2006. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. Evidence became missing before the trial.... The automobile was missing from the impound lot when the jury went to view it. The defense reconstruction witness could not examine the auto-mobile. He was an expert and hired to examine evidence and testify.

2. Trial judge forced petitioner to trial with an attorney that defendant objected to.

3. The State violated petitioner's speedy trial rights. Long stay in jail prejudiced defendant.

4. The jury convicted petitioner on two counts of the same offense.

5. Trial judge was ruled incompetent by the Supreme Court of Ohio after petitioner's trial and dismissed. The trial judge was prejudiced through petitioner's court appearance and [illegible] from February 2002, to Nov. 1, 2002 day of sentencing. The petitioner and trial judge were classmates. Also, the prosecutor in the case was classmates [sic] at Franklin University. There was a [illegible] between the petitioner, the prosecutor, and the trial judge. During the trial, judge had a kangaroo court. Instruction to the jury was wrong.... After the petitioner's trial, the Supreme Court removed the trial judge from the bench and disbarred the trial judge from the bench. The petitioner was prejudiced and fair trial rights violated.

## II. STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 imposed a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. §2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's conviction became final on February 24, 2004, ninety days after the Ohio Supreme Court's November 26, 2003, dismissal of his direct appeal, when the time period expired to file a petition for a writ of *certiorari* to the United States Supreme Court. *Bronaugh v. Ohio*, 235 F.3d 280, 286 (6th Cir.2001). Assuming that petitioner's post conviction and habeas corpus petition tolled the running he statute of limitations from April 2, 2003, until September 7, 2005 (ninety days after the Ohio Supreme Court's June 9, 2005, dismissal of petitioner's appeal), the statute of limitations nonetheless expired one year later, on September 7, 2006. Petitioner executed this habeas corpus petition approximately one month later, on October 10, 2006. The petition was not filed until November 2, 2006. The time period during which petitioner's prior federal habeas corpus petition was pending does not toll the running of the statute of limitations under 28 U.S.C. §2244(d)(2). *Duncan v. Walker*, 533 U.S. 167, 172 (2001). Further, petitioner has failed to allege any extraordinary circumstances that would justify equitable tolling of the statute of limitations. *See King v. Bell,* 378 F.3d 550, 553 (6 Cir.2004) (citations omitted).

For all of the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as time-barred under 28 U.S.C. §2244(d).

If any party objects to this *Report and Recommendation,* that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed

findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

s/Mark R. Abel  
United States Magistrate Judge
